WILLIAM P. DEVOU v. CINCINNATI INTERTERMINAL RY.

1. EMPLOYES OF FREIGHT DESPATCH COMPANY MAY BE DIRECTORS OF RAILROAD.

Employes of a freight despatch company are not, simply for that reason, ineligible to act as directors of a railroad company.

[For other cases in point, see 7 Cyc. Dig., "Railroads," § 51.—Ed.]

2. COMPANY OWNING MAJORITY OF STOCK OF RAILROAD COMPANY NOT REAL PARTY IN INTEREST IN APPROPRIATION PROCEEDINGS.

A railway company seeking to appropriate property is the real party in interest, notwithstanding its officers are also officers of another railway company and its stock is largely owned by another company.

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 586-587. —Ed.]

3. NECESSARY DEVIATION OF RAILWAY LINE TO ADJACENT PROPERTY NOT SUCH CHANGE AS CONTEMPLATED IN REV. STAT. 3272 (LAN. 5228).

A change of the line of a railway to adjacent property for a short distance is not such a change as is contemplated in Rev. Stat. 3272 (Lan. 5228).

[For other cases in point, see 7 Cyc. Dig., "Railroads," §§ 205-212.—Ed.]

4. APPROPRIATION PROCEEDINGS—STATEMENT BY COUNSEL AS TO PRICE PAID FOR PROPERTY NOT PREJUDICIAL, IF JURY INSTRUCTED TO DISREGARD IT.

A statement by counsel for the railway company, to the jury, in condemnation proceedings, as to the price which the owner of the property paid for it, is not prejudicial error, the court having instructed the jury to disregard such statement.

[For other cases in point, see 7 Cyc. Dig., "Error," § 1550 *et seq.*—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Keam & Keam,** for plaintiff in error.

**Kinkead, Rogers & Ellis,** for defendant in error.

8 O. C. C.   Vol. 29.

Hamilton County.

**GIFFEN, J.**

This proceeding was commenced in the court of insolvency to appropriate certain real estate of the plaintiff in error for railroad purposes. Our conclusions, drawn from the record, are as follows:

1.   The existence of the corporation and its due organization, including the payment of 10 per cent of each share of stock subscribed, are fully shown by the record, and it was therefore vested with the power of eminent domain.

2.   The resolution of the board of directors of the railroad company declaring it necessary to appropriate the property of the plaintiff in error was duly passed by five out of seven directors, although two of them were employes of the Kanawha Despatch. They were neither stockholders, owners, nor interested in such company within the meaning of Rev. Stat. 3315 (Lan. 5273).

3.   The defendant in error was the real party in interest, although the same man who was president of the Chesapeake & Ohio Railway Company was also president of this company, and although the Covington & Cincinnati Elevated Railway and Transfer and Bridge Company was the owner of 93 per cent of the stock of this company.

4.   There was no change of the line within the meaning of Rev. Stat. 3272 (Lan. 5228) by running the road over the property of the plaintiff in error instead of the adjacent property, as the same resulted from the necessity of the case.

5.   The exception to the ruling of the court in sustaining an objection to the question at the bottom of page 135 of the bill of exceptions is not well taken, as it would open a large field of inquiry which would only confuse the jury in estimating the value of the property. A like question would have been proper upon cross-examination of the defendant's witnesses in order to judge whether or not the opinion of the witnesses was well founded.

6.   The compensation awarded by the jury was full and adequate and not against the weight of the evidence.

7.   The alleged misconduct of counsel in stating to the jury that the property was bought by plaintiff in error for $1,100 was not prejudicial, as the court instructed the jury not to consider any such statement, and that the amount paid for the property by plaintiff in error had nothing to do with the case.

We find no prejudicial error, and the judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.